[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 332.]

THE STATE OF OHIO, APPELLEE, *v*. GRIFFIE, APPELLANT.

[Cite as *State v. Griffie*, 1996-Ohio-71.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when no genuine issue of whether applicant was deprived of effective assistance of counsel on appeal is raised.*

(No. 95-897—Submitted September 12, 1995—Decided January 17, 1996.)

APPEAL from the Court of Appeals for Montgomery County, No. 14364.

———————————

{¶ 1} Following a jury trial, appellant, James Griffie was convicted of felonious assault and sentenced accordingly. The court of appeals affirmed the conviction except for a fine. *State v. Griffie, Jr.* (Dec. 21, 1994), Montgomery App. No. 14364, unreported.

{¶ 2} Appellant then filed an application to reopen his direct appeal pursuant to App.R. 26(B), stating that his appellate counsel was ineffective for having failed to argue that his trial counsel was ineffective for not requesting an instruction on the lesser included offense of assault. The court of appeals denied this application. The court stated that since requests for jury instructions are notoriously part of trial strategy, the court could not determine solely from the record whether appellant's trial counsel was ineffective. Appellant appeals the denial to this court.

———————

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellee.

*James Griffie, Jr.*, *pro se*.

———————

*Per Curiam.*

{¶ 3} We affirm the decision of the court of appeals.

{¶ 4} In his application for reopening, appellant argued that his appellate counsel was ineffective for not arguing that his trial counsel was ineffective for not requesting an instruction on the lesser included offense of assault. However, appellant offers no support for his argument besides the record. App.R. 26(B)(2)(e) states that an application for reopening shall contain "[a]ny parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies." The record may reveal that trial counsel did not request a certain jury instruction, but, without more, the court of appeals would have to guess as to why trial counsel did not make the request. Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. *State v. Clayton* (1980), 62 Ohio St.2d 45, 16 O.O.3d 35, 402 N.E.2d 1189, certiorari denied (1980), 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102.

{¶ 5} Under App.R. 26(B)(5), an application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. Since appellant offered no proof of appellate counsel's ineffective assistance besides the record, no genuine issue was raised. Therefore, we affirm the decision of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————