JOURNAL ENTRY AND OPINION.
{¶ 1} On March 10, 2003, Mike Jones ("Jones"), pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court's judgment in State v. Jones, Cuyahoga App. No. 80737, 2002-Ohio-6045, in which this court affirmed Jones's conviction for murder. Jones now asserts that his appellate counsel was ineffective because he should have argued that the trial counsel was ineffective for not requesting jury instructions for the lesser-included offenses of voluntary manslaughter and involuntary manslaughter. On April 9, 2003, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The Court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366,672 N.E.2d 638.
 {¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error, there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 6} In the present case Jones's argument on ineffective assistance of appellate counsel is not well taken. His appellate counsel argued as the fourth of thirteen assignments of error that Jones was denied due process of law when the court would not instruct on any lesser-included offense. In reviewing this assignment, the court notes that appellate counsel vigorously argued that the trial court had the constitutional duty to instruct on involuntary manslaughter and reckless homicide. This court will not second-guess appellate counsel's strategy and tactics to argue these issues directly rather than indirectly through the lens of ineffective assistance of trial counsel. Cf. State v.Sherrills (Dec. 11, 2000), Cuyahoga App. No. 77178, reopening disallowed (Aug. 31, 2001), Motion No. 24332.
 {¶ 7} Indeed, it is understandable why appellate counsel did not frame the issue in terms of ineffective assistance of trial counsel. Appellate counsel introduced the issue as follows: "In a discussion concerning the jury charge defense counsel requested a lesser included offense. (Tr. 1424.) The court stated it would not give any instruction on any lesser included offense as the court was going to instruct on self-defense. (Tr. 1428.) Defendant requested an instruction on self-defense." (Appellant's brief, pg. 10.) As noted above, in order to establish ineffective assistance of counsel, prejudice must be shown. Appellate counsel's review of the record revealed that prejudice could not be shown. Trial counsel did seek instructions on lesser-included offenses, but the trial judge refused to give any such instructions. The fault, if any, lay with the trial judge's decisions and not with trial counsel's performance.
 {¶ 8} Moreover, even though trial counsel did not seek instructions on either voluntary or involuntary manslaughter, appellate counsel was not deficient for failing to raise the issue of ineffective assistance of trial counsel. In State v. Griffie, 74 Ohio St.3d 332,333, 1996-Ohio-71, 658 N.E.2d 764, the Supreme Court of Ohio ruled: "Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." See, also, State v. Clayton (1980), 62 Ohio St.2d 45,402 N.E.2d 1189, certiorari denied (1980), 449 U.S. 879, 101 U.S. 227,66 L.Ed.2d 102; State v. Langford, Cuyahoga App. No. 80753, 2003-Ohio-159, reopening disallowed 2003-Ohio-4173, Motion No. 347986; and State v.Young, Cuyahoga App. No. 79779, 2002-Ohio-1274. This is especially true if the defendant is offering a total defense, such as self-defense. See,State v. Reider (Aug. 3, 2000), Cuyahoga App. No. 76649. Thus, appellate counsel in the exercise of professional judgment could easily conclude that framing the issue of the instructions on lesser-included offenses in terms of ineffective assistance of trial counsel would not be successful.
 {¶ 9} Finally, pursuant to the admonition of the Supreme Court inBarnes, this court will not second-guess counsel's strategic and tactical choices not to raise the issue of an instruction on voluntary manslaughter.
 {¶ 10} Accordingly, this court denies Jones's application to reopen.
FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., concur.