[Cite as *State v. Murphy*, 2012-Ohio-1186.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95705

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAYSON S. MURPHY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-530815
Application for Reopening
Motion No. 448609

**RELEASE DATE:** March 19, 2012

**FOR APPELLANT**

Jayson Murphy
Inmate No. 591-367
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Anna M. Faraglia
Mary McGrath
Assistant Prosecuting Attorneys
The Justice Center, 8th Fl.
1200 Ontario Street
Cleveland, OH 44113

LARRY A. JONES, SR., J.:

{¶1} On October 17, 2011, the applicant, Jayson Murphy, applied pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), to reopen this court's judgment in *State v. Murphy*, 8th Dist. No. 95705, 2011-Ohio-3686, in which this court affirmed Murphy's convictions for four counts of sexual battery.[1] Murphy maintains that his appellate counsel was ineffective, because she should have argued sufficiency of the evidence, prosecutorial misconduct, inconsistent jury verdicts, the failure to request lesser included offenses, and allied offenses properly. On November 3, 2011, the state of Ohio filed its brief in opposition, and Murphy filed a reply brief on November 15, 2011. For the following reasons, this court denies the application.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the

---

[1] The grand jury indicted Murphy on four counts of rape, four counts of sexual battery, one count of kidnapping, and one count intimidation of a crime witness. At trial the evidence showed that the victim and Murphy had been in a sexual relationship for several months. However, on the night in question, the victim took a sleeping pill. While she was asleep, Murphy took photographs of sexual acts he committed on her. The victim testified that in the morning Murphy showed her the pictures and told her that if she did not stay with him, he would put the pictures on the internet. The jury found Murphy guilty of the four counts of sexual battery and not guilty on the other charges. The trial judge sentenced him to five years on each count consecutive.

deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶3} In *Strickland* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S.Ct. at 2065.

{¶4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments

and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶6} Murphy contends that his appellate counsel should have argued sufficiency of the evidence. However, he cannot show prejudice. His appellate counsel did argue manifest weight of the evidence. In *State v. Kryzwkowski*, 8th Dist. No. 80392, 2002-Ohio-4438, 2002 WL 1987257, reopening disallowed, 2003-Ohio-3209, this court ruled: "In determining that the judgment was not against the manifest weight of the evidence, this court was required to go beyond the question of law which a claim of insufficiency of the evidence would present and examine the broader issues of credibility, etc. Appellate counsel did not, therefore, violate any essential duty to applicant nor was applicant prejudiced by the absence of an assignment of error asserting insufficiency of the evidence," citing *State v. Dines*, 8th Dist. No. 57661, 1990 WL 166452 (Nov. 1,

1990), reopening disallowed, Motion Nos. 43617, 42620, 42628 and 48243 (May 26, 1994) (Slip op. at pg. 8). Similarly in *State v. Peterson*, 8th Dist. 88248, 2007-Ohio-1837, 2007 WL 1153434, ¶ 19 this court observed that although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency when conducting the analysis; i.e., a finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. Logan*, 8th Dist. No 88472, 2007-Ohio-2636, 2007 WL 1559305, reopening disallowed, 2008-Ohio-1934. The court further notes that Murphy incorporated verbatim large sections of his appellate counsel's argument on manifest weight into his argument on sufficiency. Accordingly, this argument on ineffective assistance of appellate counsel is unpersuasive.

{¶7} Next, Murphy argues that his appellate counsel should have argued prosecutorial misconduct for cross-examining him on his drug offense and domestic violence convictions, his drinking habits, and temper. However, his appellate counsel argued this same issue of ineffective assistance of trial counsel. Indeed, most of Murphy's argument about prosecutorial misconduct is again a verbatim incorporation of his appellate counsel's brief on this point. This court examined the issue and concluded that the prosecutor's questions on cross-examination were not improper, because Murphy had "opened the door" and placed his credibility in issue. Thus, Murphy has not established prejudice.

{¶8} Murphy's third argument is that appellate counsel did not raise the issue of lesser included offenses. This argument is unpersuasive because Murphy never states what the lesser included offenses were. Without that information, this court cannot examine, much less determine, whether instructions for a lesser included offense would have been appropriate or could have been given. Moreover, the decision to request a jury instruction for a lesser included offense constitutes trial strategy and does not provide a basis for claiming ineffective assistance of counsel. *State v. Caldwell,* 8th Dist. No. 80556, 2002-Ohio-4911, 2002 WL 31087623 reopening disallowed, 2005-Ohio-5134; and *State v. Griffie*, 74 Ohio St.3d 332, 333, 1996-Ohio-71, 658 N.E.2d 764. Indeed, the record indicates that Murphy decided as a matter of trial strategy not to ask for instructions on a lesser included offense. (Tr. 589.)

{¶9} Murphy's fourth assignment of error is ill-founded. He argues that the jury's finding him not guilty of rape is necessarily inconsistent with the finding of guilty on sexual battery, because the jury must have found consent to find him not guilty of rape, and that consent should have exonerated him on the sexual battery counts. However, his own authority, *State v. Brown*, 12 Ohio St.3d 147, 465 N.E.2d 889 (1984), refutes his position. The court held that the several counts in an indictment containing more than one count are not interdependent, and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count. Thus, the counts on rape and sexual battery are not interdependent and cannot provide the basis for arguing inconsistent verdicts.

Moreover, Murphy's argument is based on speculation, which he does not support from the record, that the jury necessarily determined the rape counts on the issue of consent. Appellate counsel in the exercise of professional judgment could choose not to raise this argument.

{¶10} Finally, Murphy argues that his appellate counsel did not correctly argue the issue of allied offenses. Again, Murphy does not establish prejudice. His appellate counsel raised the issue, and this court conducted a full de novo review. It concluded: "The facts establish that these acts were not a single, continuous sexual act. Accordingly, the trial court was correct when it found that the four counts of sexual battery were not allied offenses of similar import." *Murphy* at ¶ 41.

Accordingly, this court denies the application to reopen.


LARRY A. JONES, SR., JUDGE

PATRICIA A. BLACKMON, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR