[Cite as *State v. Owens*, 2012-Ohio-5887.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98165**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KELVIN OWENS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554619

**BEFORE:** Blackmon, A.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 13, 2012

**ATTORNEYS FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH 44103

Bruce M. Courey
5546 Pearl Road
Parma, Ohio 44129


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Sherrie S. Royster
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1}  Appellant Kelvin Owens ("Owens") appeals his conviction for felonious assault and assigns the following three errors for our review:

> **I.  The trial court erred by denying appellant's request for the jury to be instructed on self defense.**
>
> **II.  The actions of defense counsel at trial deprived Owens of his right to the effective assistance of counsel, a fair trial, and due process of law.**
>
> **III.  Owens's conviction was against the weight of the evidence.**

{¶2}  Having reviewed the record and pertinent law, we affirm Owens's conviction.  The apposite facts follow.

{¶3}  The Cuyahoga County Grand Jury indicted Owens on one count each of felonious assault, aggravated burglary, and assault.  Owens entered a plea of not guilty, and the matter proceeded to a jury trial.

{¶4}  Kevin Owens dated Iris Butler ("Butler") for two years, and they lived together for one year with Butler's two sons, one of whom was an adult.  At the end of July 2011, the couple ended their relationship, and Owens moved out of the home.  In spite of the break-up, Owens continued to call Butler.  Because Butler worried about Owens's temper, she answered his calls occasionally in an attempt to break off communications slowly.  Butler contended that Owens would threaten to kill himself and told her he did not know what he would do if he saw her with someone else.

**{¶5}** On September 14, 2011, Butler was suffering from a backache and contacted her new boyfriend, Shawn Jones ("Jones"), to drop off a heating pad. Between 9:00 p.m. and 10:00 p.m., Jones came to Butler's home with the heating pad and slept on her couch until it was time for him to go to work. Around 2:00 a.m., he told Butler he was leaving, and she unlocked the door for him. It was at that point she retrieved her cell phone from her oldest son because she needed to set the alarm to wake up. She noticed that Owens had made numerous calls. He texted once with the following: "Why?" She thought this was unusual and looked out the window. She observed Owens drive by in his car. She was afraid he would harm Jones so she tried to call Jones on his cell phone, but his line was busy.

**{¶6}** Based on his conversations with Butler, Jones was aware that Owens was harassing Butler. While Jones was putting on his rain gear in preparation of riding his motorcycle in the rain, he saw Owens drive slowly by. He had never seen Owens before, but assumed it was him based on what Butler had told him. Jones contacted police on his cell phone to report a suspicious car. As Jones was standing in the yard, Owens returned and drove his car over the curb and up on the grass, straight at Jones. Jones jumped behind his motorcycle, which was parked on the sidewalk. Owens then put the car in reverse and again drove towards Jones. This time, Jones, who has a license to carry a gun, pulled out his gun and shot at the passenger side area of the car's windshield. Owens then accelerated the car, hitting the motorcycle, which pinned Jones's leg to the ground.

**{¶7}** Owens then ran into the house and began punching and kicking Butler, until Butler's older son and Jones yelled at him to stop. Seeing Jones, Owens ran into the basement. As he was running into the basement, he turned towards Jones, who thought he saw Owens had something in his hand. Jones shot Owens in the arm.

**{¶8}** Owens testified that he came to Butler's home at 2:00 a.m. because he knew she was not feeling well. He was concerned because she was not answering her calls. He claimed that when he saw the motorcycle on the sidewalk and Jones on the front porch, he approached Jones only to see what was going on, not to hurt him.

**{¶9}** The jury found Owens guilty of one count of felonious assault and not guilty of the other counts. The trial court sentenced Owens to eight years in prison and ordered him to compensate the victim $6,548 in property damage.

### Failure to Give Self-Defense Instruction

**{¶10}** In his first assigned error, Owens argues the trial court erred by failing to instruct the jury on self-defense. Specifically, Owens argues he drove his car into Jones's motorcycle in self-defense because Jones was shooting at him.

**{¶11}** When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested instruction constituted an abuse of discretion under the facts and circumstances of the case. *See State v. Wolons*, 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989).

**{¶12}** An instruction on self-defense is proper when the evidence shows that (1) the defendant was not at fault in creating the situation giving rise to the affray; (2) the defendant had a bona fide belief that he was in imminent danger of great bodily harm and

that his only means of escape from such danger was in the use of such force; and (3) the defendant must not have violated any duty to retreat or avoid danger. *State v. Williford*, 49 Ohio St.3d 247, 551 N.E.2d 1279 (1990). *See also State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus. The elements of self-defense are cumulative and, if the defendant failed to prove any one of the elements by a preponderance of the evidence, he failed to demonstrate that he acted in self-defense. *Williford*.

{¶13} In the instant case, the trial court concluded that an instruction on self-defense was not merited because Owens was at fault in creating the situation that gave rise to Jones shooting at the car. We agree. Although Owens contended he approached Jones in order to confront him, not harm him, the evidence indicated that Owens passed Jones once, then came at him with the car by driving over the curb and onto the front lawn. Jones was rightfully concerned that Owens was trying to hit him with the car, especially because he was aware of Owens's harassment of Butler. Given this evidence, the trial court correctly concluded that Owens was at fault for causing Jones to shoot at him with the gun.

{¶14} Moreover, although Owens contends he only drove the car towards Jones once, both Jones and Butler testified that Owens drove towards Jones twice. When he missed hitting him the first time, he put his car in reverse and again drove towards Jones. The photos depicting the car on the front lawn show two sets of tire tracks, supporting their version of the story. Accordingly, Owens's first assigned error is overruled.

**Ineffective Assistance of Counsel**

**{¶15}** In his second assigned error, Owens argues his counsel was ineffective. To establish a claim for ineffective assistance of counsel, Owens must show that his counsel's performance was deficient and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990). Under *Strickland*, our scrutiny of an attorney's work must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688.

**{¶16}** Owens argues that his counsel was ineffective for failing to request a jury instruction on the lesser included offense of aggravated assault. He contends he did not ram the motorcycle until after Jones shot at his windshield, which would provide the provocation needed for an instruction on aggravated assault.

**{¶17}** Counsel was not ineffective for failing to request an aggravated assault charge. The decision to request a jury instruction for a lesser included offense constitutes trial strategy and does not provide a basis for claiming ineffective assistance of counsel. *State v. Griffie*, 74 Ohio St.3d 332, 333, 1996-Ohio-71, 658 N.E.2d 764; *State v. Murphy*, 8th Dist. No. 95705, 2012-Ohio-1186; *State v. Caldwell*, 8th Dist. No. 80556, 2002-Ohio-4911.

**{¶18}** Additionally, Owens testified that he was afraid at the time the shot was fired. Fear alone is insufficient to demonstrate the kind of emotional state necessary to

constitute sudden passion or fit of rage required for an aggravated assault charge. *State v. Mack*, 82 Ohio St.3d 198, 201, 1998-Ohio-375, 694 N.E.2d 1328.

{¶19} Owens also argues counsel was ineffective because during the cross-examination of Butler, Butler testified that Owens called her so often that her sons called him a "stalker." Owens's counsel never requested that the statement be stricken nor did he request that the jury be advised not to consider the response. Counsel could not have anticipated that Butler's response to his question regarding what Butler did in terms of breaking off the relationship slowly would be that her sons thought Owens was a stalker. Nor do we find counsel was ineffective for failing to request that the statement be stricken or a curative instruction be issued by the trial court because counsel could have determined that this would have the result of calling attention to the statement. Strategic decisions by defense counsel, including the decision not to object to certain testimony, fall within the realm of trial tactics and do not establish ineffective assistance of counsel. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 103; *State v. Bedford*, 9th Dist. Nos. 25048 and 25066, 2010-Ohio- 3577, ¶ 29.

{¶20} Additionally, this statement did not effect the outcome of the trial as Butler testified regarding the fact that Owens called her excessively. Accordingly, Owens's second assigned error is overruled.

## Manifest Weight of the Evidence

{¶21} In his third assigned error, Owens argues that his conviction was against the manifest weight of the evidence.

{¶22}   In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court addressed the standard of review for a criminal manifest weight challenge, as follows:

**The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. *Id.* at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. *Id*. at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. *Id*. at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and  disagrees with the factfinder's resolution of the conflicting testimony."  *Id*. at 387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.**

{¶23} An appellate court may not merely substitute its view for that of the jury, but must find that "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶24} Owens contends that his testimony was more credible than Butler's. His claim in his testimony that he came to Butler's home to check on her because she had told him that she was not feeling well earlier in the day was credible because, how would he have known she was not feeling well. Butler testified that she did not have contact with Owens that day and recalls that she stayed at home the entire day due to her backache and would not have ventured out to the store with Owens. Because Owens was seated at counsel's table during the trial, he heard both Butler and Jones testify that Butler was not feeling well that day prior to him testifying.

{¶25} Moreover, it is implausible that he would wait until 2:00 a.m. to check on Butler's well being, when her two sons that lived with her could have easily helped her. Additionally, Jones testified that he noticed the windows on Owens's car were foggy, indicating Owens had been sitting in his car awhile. Finally, Owens's last text to Butler was one word, "Why," which is an unusual way of asking how someone is feeling. Based on this evidence, the jury did not lose its way in resolving the conflict in Butler's favor.

{¶26}   Owens also contends that he did not have the intent to harm Jones with his car, but was merely driving his car towards Jones to confront him.   He argues that it was not until Jones shot at him that he ran into him with the car, and that even Jones admitted that Owens did not hit him with the car until after Jones fired the gun.   However, Jones and Butler both testified that Owens came at Jones twice with the car, and the photograph depicting the other set of tire tracks beside the car on the lawn supports their testimony. Moreover, Owens drove over the curb and up onto the grass with his car, instead of parking in the driveway, which indicates an intent other than questioning Jones. Accordingly, Owens's third assigned error is overruled.

{¶27}   Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR