[Cite as *State v. Cassano*, 2013-Ohio-1888.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97228**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ADAM CASSANO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-535072
Application for Reopening
Motion No. 460694

**RELEASE DATE:**   May 7, 2013

**ATTORNEYS FOR APPELLANT**

David L. Doughton
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH    44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James M. Price
          Stephanie Heibertshausen
          John Wojton
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

**{¶1}** In *State v. Cassano*, Cuyahoga C.P. No. CR-535072, the applicant, Adam Cassano, was found guilty following a bench trial of four counts of felonious assault, two counts of aggravated robbery, and two counts of having a weapon while under disability. This court affirmed that judgment in *State v. Cassano*, 8th Dist. No. 97228, 2012-Ohio-4047.

**{¶2}** Cassano, through counsel, has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel in two alleged respects: (1) his appellate counsel failed to properly preserve an error on direct appeal; and (2) his appellate counsel failed to ensure that the case was decided upon correct facts.

**{¶3}** We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

**{¶4}** Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Cassano has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶5}** In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant as follows:

> the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now

presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id.* at 25. The applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland.*

{¶6} Cassano cannot show prejudice with regard to his argument that counsel was ineffective for neglecting to separately argue the assignment of error concerning the alleged insufficiency of the evidence. This is because his appellate counsel did raise, and properly argued, an alleged error that his convictions were against the manifest weight of the evidence, which we addressed and overruled.

{¶7} This court has repeatedly found that appellate counsel is not ineffective for failing to challenge the sufficiency of evidence in the initial appeal if he or she raised, and this court addressed and overruled, an alleged error that the convictions were against the manifest weight of the evidence. *See, e.g., State v. Murphy*, 8th Dist. No. 2012-Ohio-1186, ¶ 6.

{¶8} In *State v. Krzywkowski*, 8th Dist. No. 80392, 2002-Ohio-4438, *reopening disallowed*, 2003-Ohio-3209, this court ruled:

"In determining that the judgment was not against the manifest weight of the evidence, this court was required to go beyond the question of law which a claim of insufficiency of the evidence would present and examine the broader issues of credibility, etc. Appellate counsel did not, therefore, violate any essential duty to applicant nor was applicant prejudiced by the absence of an assignment of error asserting insufficiency of the evidence."

*Id.* at ¶ 16, quoting *State v. Dines*, 8th Dist. No. 57661, 1990 Ohio App. LEXIS 4748 (Nov. 1, 1990), *reopening disallowed*, Motion Nos. 43617, 42620, 42628, and 48243 at *8 (May 26, 1994). Similarly, in *State v. Peterson*, 8th Dist. 88248, 2007-Ohio-1837, ¶ 19, this court observed that although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency when conducting the analysis; *i.e.*, a finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. Logan*, 8th Dist. No 88472, 2007-Ohio-2636, *reopening disallowed*, 2008-Ohio-1934. Cassano's first ground fails to establish a basis for reopening his appeal.

{¶9} The second ground Cassano cites in support of reopening is that his appellate attorney provided him ineffective assistance of counsel for allegedly failing to ensure that his appeal was decided upon correct facts. Specifically, Cassano asserts that this court's opinion relies upon erroneous facts with regard to his alibi and who police spoke to at the scene.

{¶10} As stated, the first-prong of establishing an ineffective assistance of counsel claim requires Cassano to prove that his appellate counsel's performance was deficient.

{¶11} The record reflects that appellate counsel moved the court to reconsider the opinion that was released on July 5, 2012 due to alleged factual inaccuracies, among other reasons. A separate motion was filed petitioning the court to allow additional oral argument prior to reconsideration.

{¶12} Appellate counsel also filed a notice of appeal with the Ohio Supreme Court. The first proposition of law in Cassano's memorandum in support of jurisdiction asserted that his appeal was decided upon the same "erroneous facts" as are being alleged in this application for reopening. The Ohio Supreme Court declined to accept Cassano's appeal.

{¶13} The state filed its own motion for reconsideration with this court to correct alleged inaccuracies in the July 5, 2012 opinion. We granted the state of Ohio's motion for reconsideration and a new opinion was issued on September 6, 2012, which reflected that police spoke to an unidentified male at the scene. Cassano's motion for reconsideration was denied as moot.

{¶14} Appellate counsel then filed a motion to reconsider this court's opinion that was released on September 6, 2012 and the court's entry of September 10, 2012 (which had denied his initial motion to reconsider as moot). In that motion, appellate counsel argued that the opinion contained "misstated facts," including those identified in the instant application to reopen. The motion for reconsideration was denied.

{¶15} On October 18, 2012, appellate counsel filed another motion for reconsideration and-or hearing *en banc*, which was denied.

{¶16} Cassano does not contend that his appellate counsel misstated any facts to this court in briefing or at oral argument. Appellate counsel moved the court to reconsider and this court did release a new opinion with modifications. To the extent this court did not make all of the modifications that were requested is not grounds for an ineffective

assistance of counsel claim. Based on this record, appellate counsel made numerous efforts to have the contents of this court's opinion reconsidered and modified and Cassano has not identified how counsel's performance was deficient. Further, we did grant reconsideration and recognized that no one specifically identified Cassano as the person who police spoke to at the scene. Upon reconsideration, this court still affirmed Cassano's convictions based on the record evidence. Accordingly, Cassano has not established any reasonable probability that further reconsideration and modification of the opinion would have changed the result.

{¶17} Cassano has not met the standard for reopening under either prong of the *Strickland* test. Accordingly, the application for reopening is denied.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
KENNETH A. ROCCO J., CONCUR