[Cite as *State v. Winston*, 2025-Ohio-1727.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                       No. 113318

v.                               :

ROBERT WINSTON,                  :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 12, 2025

---

Cuyahoga County Court of Common Pleas
Case No. CR-22-673461-A
Application for Reopening
Motion No. 579752

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee*.

Robert Winston, *pro se*.

LISA B. FORBES, P.J.:

{¶ 1} Robert Winston has filed a timely App.R. 26(B) application for reopening. Winston is attempting to reopen the appellate judgment, rendered in *State v. Winston*, 2024-Ohio-4583 (8th Dist.), which affirmed his conviction and

sentence of incarceration for the offenses of two counts of rape of a victim under the age of ten (R.C. 2907.02(A)(1)(b)), one count of gross sexual imposition (R.C. 2907.05(A)(4)), one count of kidnapping (R.C. 2905.01(A)(4)), one count of importuning (R.C. 2907.07(A)), and one count of attempted gross sexual imposition (R.C. 2923.02 and 2907.05(A)(4)).  For the reasons set forth below, we decline to reopen Winston's appeal.

## I. Standard of Review Applicable to App.R. 26(B)

### A. Application for Reopening

{¶ 2}  App.R. 26(B) provides a means of asserting claims of ineffective assistance of appellate counsel.  App.R. 26(B) provides for a two-stage process where an appellant must first make a threshold showing that appellate counsel was ineffective on appeal. *State v. Leyh*, 2022-Ohio-292, ¶ 18-19.  The ineffectiveness of appellate counsel is judged using the same standard that applies to claims of ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable, . . . and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Leyh* at ¶ 18, quoting *Strickland* at 687.  If the applicant makes these showings, then the application shall be granted and the appeal reopened. *Id.* at ¶ 21, citing App.R. 26(B)(5).  "The burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of

ineffective assistance of appellate counsel." *Id.* at ¶ 21, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998).

{¶ 3} Moreover, even if Winston establishes that an error by his appellate counsel was professionally unreasonable, he must establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May,* 2012-Ohio-5504 (8th Dist.).

## II. First Proposed Assignment of Error — Rape by Digital Penetration Unsupported by Sufficient Evidence

{¶ 4} Winston, through his initial proposed assignment of error, argues that his appellate counsel was ineffective for failing to argue that his convictions for rape, based upon digital penetration, were unsupported by sufficient evidence. Specifically, Winston argues that "to support a conviction for rape in the form of digital penetration [under R.C. 2907.02(A)(1)(b)], it must be found beyond a reasonable doubt that the defendant penetrated the victim's vagina; a mere parting of the labia is not sufficient."

{¶ 5} On the outset, the law of the Eighth District Court of Appeals does not support Winston's argument that proof of actual penetration of the vagina is required to support the offense of rape.

> This court, as well as other appellate districts, has consistently held that evidence of slight penetration, entering the vulva or labia, is sufficient to support a rape conviction. *State v. Bouyer*, 8th Dist. Cuyahoga No. 112045, 2023-Ohio-4793; *State v. Blankenship*, 8th Dist. Cuyahoga No. 77900, 2001 Ohio App. LEXIS 5520 (Dec. 13, 2001);

*State v. Nivens*, 10th Dist. Franklin No. 95 APA09-1236, 1996 Ohio App. LEXIS 2245 (May 28, 1996); *State v. Carpenter*, 60 Ohio App.3d 104, 105, 573 N.E.2d 1206 (5th Dist.1989).

*State v. Baldwin*, 2024-Ohio-6177, ¶ 7 (8th Dist.).

{¶ 6} Moreover, Wilson's appellate counsel did argue manifest weight of the evidence in his direct appeal and this court affirmed his convictions. *Winston*, 2024-Ohio-4583, at ¶ 38-49. While sufficiency and manifest weight of the evidence involve different concepts of law, manifest weight subsumes sufficiency. *State v. Murphy*, 2012-Ohio-1186 (8th Dist.). That is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding that the conviction was supported by sufficient evidence. *Id.* A finding that a conviction is supported by the manifest weight of the evidence will dispose of the issue of sufficiency. *State v. Bell*, 2019-Ohio-340 (8th Dist.); *State v. Jackson*, 2015-Ohio-1946 (8th Dist.). *See also State v. Miller*, 2025-Ohio-197 (2d Dist.); *State v. Wilborn*, 2024-Ohio-5003 (8th Dist.); *State v. Poole*, 2019-Ohio-3366 (8th Dist.); *In re G.H.*, 2015-Ohio-5339 (11th Dist.).

{¶ 7} As discussed in this court's opinion addressing Winston's manifest-weight assignment of error on direct appeal, evidence presented at trial demonstrated that Winston, with either his fingers or tongue, digitally penetrated the victim's vulva or labia, however, slight. Sufficient evidence was adduced at trial to support Winston's convictions for the offenses of rape of a victim under the age of ten. *See Bouyer*; *State v. Falkenstein*, 2004-Ohio-2561 (8th Dist.).

**{¶ 8}** Accordingly, no prejudice befell Winston by appellate counsel's failure to raise the issue of sufficiency of the evidence on appeal. *Murphy*. We find this argument on ineffective assistance of appellate counsel unpersuasive.

### III. Second Proposed Assignment of Error — Trial Court's Finding of Sexually Violent Predator Unsupported by Sufficient Evidence

**{¶ 9}** In his second proposed assignment of error in support of the application for reopening, Winston argues that insufficient evidence was adduced at trial to support the trial court's finding that he is a sexually violent predator. According to Winston, appellate counsel's failure to raise this issue amounted to ineffective assistance of counsel.

**{¶ 10}** R.C. 2971.01(H)(1) defines a sexually violent predator as a "person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses." R.C. 2971.01(H)(2) sets forth the factors that a trial court may consider when determining whether a defendant is a sexually violent predator.

> (a) The person has been convicted two or more times, in separate criminal actions, of a sexually oriented offense or a child-victim oriented offense; . . . .
>
> (b) The person has a documented history from childhood, into the juvenile developmental years, that exhibits sexually deviant behavior.
>
> (c) Available information or evidence suggests that the person chronically commits offenses with a sexual motivation.
>
> (d) The person has committed one or more offenses in which the person has tortured or engaged in ritualistic acts with one or more victims.

(e) The person has committed one or more offenses in which one or more victims were physically harmed to the degree that the particular victim's life was in jeopardy.

(f) Any other relevant evidence.

{¶ 11} The record reveals that the trial court was presented with testimony and exhibits specifically on the issue of whether Winston qualified as a sexually violent predator. The evidence included: (1) documentation from Winston's youth, including records from the Division of Children and Family Services, that Winston exhibited sexually deviant behavior; (2) a letter, signed by Winston, in which he admitted to the sexual abuse of his niece and nephew; (3) evidence that established a pattern of abusing the victim that included numerous sexual abuses; and (4) evidence that Winston had a history of abusing young children. Sufficient evidence was adduced at trial to support the trial court's finding that Winston is a sexually violent predator. *State v. Belle*, 2019-Ohio-787 (8th Dist.); *State v. A.M.*, 2018-Ohio-4209 (8th Dist.); *State v. Campbell*, 2018-Ohio-1639 (8th Dist.).

{¶ 12} Under these circumstances, we find that Winston has failed to establish that he was prejudiced when appellate counsel did not challenge the sufficiency of evidence as set forth in his second proposed assignment of error.

## IV. Third and Fourth Proposed Assignments of Error — Imposition of Life in Prison Without the Possibility of Parole

{¶ 13} Winston, through his third and fourth proposed assignments of error, argues that appellate counsel failed to argue that the sentence imposed by the trial court, life in prison without the possibility of parole with regard to the offenses of rape with sexually-violent-predator specifications, constituted error that requires

resentencing. R.C. 2971.03(A)(2), which deals with the sentence to be imposed upon a defendant convicted of a sexually-violent-predator specification, provides:

> Except as provided in division (A)(5) of this section, if the offense for which the sentence is being imposed is murder; or *if the offense is rape committed in violation of division (A)(1)(b) of section 2907.02 of the Revised Code* when the offender purposely compelled the victim to submit by force or threat of force, *when the victim was less than ten years of age*, when the offender previously has been convicted of or pleaded guilty to either rape committed in violation of that division or a violation of an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of section 2907.02 of the Revised Code, or when the offender during or immediately after the commission of the rape caused serious physical harm to the victim; or if the offense is an offense other than aggravated murder or murder for which a term of life imprisonment may be imposed, *it shall impose upon the offender a term of life imprisonment without parole.*

(Emphasis added.)

{¶ 14} Winston was convicted of rape of a child under the age of ten with a sexually-violent-predator specification. Pursuant to R.C. 2907.02(A)(1)(b) and 2971.03(A)(2), the trial court was required to impose a term of life imprisonment without the possibility of parole. *State v. Roberts*, 2013-Ohio-1089 (6th Dist.) (sentence of life in prison under R.C. 2971.03(A)(2) was not clearly contrary to law). Accordingly, appellate counsel was not required to argue that the sentence of life imprisonment without the possibility of parole constituted error on the part of the trial court. Moreover, Winston was not prejudiced by the conduct of appellate counsel when he did not challenge the mandatory sentence.

**{¶ 15}** Application for reopening is denied.

_____
LISA B. FORBES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
DEENA R. CALABRESE, J., CONCUR