JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Tate, Cuyahoga County Court of Common Pleas Case No. CR-403489, applicant, Eric Tate, pled guilty to and was convicted of possession of drugs. This court affirmed that judgment in State v. Tate, Cuyahoga App. No. 81682, 2003-Ohio-3229. The Supreme Court of Ohio denied leave to appeal.State v. Tate, 100 Ohio St.3d 1431, 2003-Ohio-5396.
 {¶ 2} Tate has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that trial counsel was ineffective and that the trial court imposed a sentence which is contrary to law. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Applicant's request for reopening is barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally, State v. Perry (1967),10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." Statev. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 4} Tate filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied leave to appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." Statev. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.
 {¶ 5} Res judicata also bars Tate's sole assignment of error. On direct appeal, Tate also raised only one assignment of error in which he argued
"* * * that his plea was not knowingly, voluntarily, or intelligently entered because he informed the trial court during the plea hearing that he felt coerced and threatened to take the plea because the trial court would not permit Tate's counsel time to prepare for trial."
 {¶ 6} State v. Tate, Cuyahoga App. No. 81682, 2003-Ohio-3229, ¶ 4. Tate again makes this argument as part of his application for reopening. On direct appeal, this court affirmed the judgment against Tate after observing that it did not find any manifest injustice requiring the vacation of Tate's plea. Clearly, res judicata bars the repetition of the same assignment of error as part of the application for reopening.
 {¶ 7} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998),84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court of Ohio specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 8} Id. at 25.
 {¶ 9} Tate complains that his appellate counsel was ineffective for failing to assign as error that the trial court failed to inform Tate that it would not consider his pretrial motions, especially his motion to suppress. Tate argues extensively in his application and "supplemental authority" — which is actually a supplemental brief filed without leave of court — that he would have prevailed if his trial counsel had insisted that the trial court hear the merits of his motion to suppress. Tate bases his argument, however, on "facts" which are not in the record. "[W]here the record is devoid of facts to indicate that a motion to suppress would have been granted, a claim for ineffective assistance of counsel on this basis must fail. State v. Woolum (1976), 47 Ohio App.2d 313,354 N.E.2d 712; State v. Means, supra; Cf., State v. Lipford (Dec. 7, 1989), Cuyahoga App. No. 56027, unreported." State v. Parker
(Dec. 7, 1995), Cuyahoga App. No. 68054, at 8-9. Given the state of the record, we cannot conclude that appellate counsel was deficient or that Tate was prejudiced by the absence of an assignment of error challenging the propriety of the trial court's acceptance of the plea on the ground that the trial court had not disposed of Tate's pretrial motions.
 {¶ 10} Tate also complains that his appellate counsel should have asserted that trial counsel was ineffective for failing to object to the ten-year sentence imposed by the trial court. During the hearing on Tate's plea, he acknowledged that he understood that he faced a mandatory period of incarceration of ten years. Tr. at 35. Because Tate pled guilty to possessing crack cocaine, in violation of R.C. 2925.11, in an amount equal to or exceeding 100 grams, the trial court was required to impose a mandatory minimum term of ten years. Tr. at 37. See R.C.2925.11(C)(4)(f) and 2929.14(D)(3). We cannot, therefore, conclude that his appellate counsel was deficient or that Tate was prejudiced by the absence of this assignment of error on direct appeal.
 {¶ 11} Finally, Tate contends that his appellate counsel was ineffective for failing to assign as error that the trial court did not inform Tate that he would be subject to post-release control. The trial court did, however, inform Tate that he would be subject to five years of post-release control. Tr. at 39. Obviously, appellate counsel was not deficient and Tate was not prejudiced by the absence on direct appeal of Tate's proposed assignment of error regarding post-release control.
 {¶ 12} Accordingly, the application for reopening is denied.
Patricia Ann Blackmon, P.J., and Sean C. Gallagher, J., concur.