JOURNAL ENTRY AND OPINION
{¶ 1} Aleksandar Cvijetinovic has filed an application for reopening pursuant to App. R. 26(B). Cvijetinovic is attempting to reopen the appellate judgment that was rendered by this court in State v.Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563, which affirmed his plea of guilty to one count intimidation, two counts of attempted robbery with two firearm specifications, and two counts of aggravated robbery with two firearm specifications, but reversed the sentence of incarceration and remanded for resentencing. For the following reasons, we decline to reopen Cvijetinovic's original appeal.
 {¶ 2} As required by App. R. 26(B)(2)(b), Cvijetinovic must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. See, also, State v. Cooey,73 Ohio St.3d 411, 1995-Ohio-328; State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249,647 N.E.2d 784. Herein, the Cvijetinovic is attempting to reopen the appellate judgment that was journalized on February 18, 2003. The application for reopening was not filed until September 30, 2004, more than ninety days after journalization of the appellate judgement which affirmed Cvijetinovic's conviction for the offenses of intimidation, attempted robbery, and aggravated robbery. Cvijetinovic has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995),72 Ohio St.3d 317. Thus, Cvijetinovic's application for reopening is fatally defective and must be denied.
 {¶ 3} The doctrine of res judicata also prevents this court from reopening Cvijetinovic's original appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 4} Herein, Cvijetinovic possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel upon appeal to the Supreme Court of Ohio. Cvijetinovic, however, failed to file an appeal with the Supreme Court of Ohio, with regard to Cuyahoga Appellate Case No. 81534, and has further Pagee 4 failed to provide this court with any reason as to why an appeal was not filed with the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408. Cvijetinovic has also failed to demonstrate why the circumstances of his appeal render the application of the doctrine of res judicata unjust. Thus, we find that the doctrine of res judicata prevents this court from reopening Cvijetinovic's appeal.
 {¶ 5} Finally, a substantive review of Cvijetinovic's brief in support of his application for reopening fails to establish the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id;State v. Grimm, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; Statev. Campbell, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339. Cvijetinovic must establish the prejudice which results from the claimed deficient performance of appellate counsel. Finally, Cvijetinovic must demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed,74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Cvijetinovic must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App. R. 26(B)(5).
In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App. R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he was a "colorable claim" of ineffective assistance of counsel on appeal.
 {¶ 6} State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, at 25.
 {¶ 7} In support of his claim of ineffective assistance of appellate counsel, Cvijetinovic raises three proposed assignments of error:
"Defendant was denied due process of law when the court and his attorney promised him that he would be eligible for judicial release after serving five years and defendant relied of counsel's and the courts (sic) representations in pleading guilty."
"Defendant was denied due process of law and the effective assistance of counsel when his attorney failed to question judicial release eligibility with respect to the mandatory Sixteen (16) year sentence imposed or to immediatly seek to have defendant's pleas of guilty withdrawn."
"Defendant was denied due process of law and the effective assistance of counsel when his trial counsel failed to investigate the search warrants and seek to have the search warrants unsealed to determine whether they were valid or invalid."
 {¶ 8} Cvijetinovic's, through his first and second proposed assignments of error, argues that he did not understand the consequences of his plea of guilty and the nature of the rights being waived. The issue of whether Cvijetinovic entered a voluntary, knowing, and intelligent plea of guilty, as required by Crim. R. 11, was previously addressed though the first assignment of error as raised in State v.Cvijetinovic, supra. Any further review of the claim that the plea of guilty was defective, as a result of non-compliance with Crim. R. 11, is barred by the doctrine of res judicata. State v. Dehler, 73 Ohio St.3d 307,1995-Ohio-320, 652 N.E.2d 987; State v. Terrell, 72 Ohio St.3d 247,1995-Ohio-54, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), motion no. 71793.
 {¶ 9} Cvijetinovic, through his third proposed assignment of error, argues that appellate counsel was ineffective upon appeal as a result of failing to raise on appeal the issue of "unsealed" search warrants. A plea of guilty effectively waives all appealable errors unless such errors are shown to preclude the defendant from voluntarily entering a plea pursuant to Crim. R. 11. Boykin v. Alabama (1969), 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274; State v. Kelley (1991), 57 Ohio St.3d 127,566 N.E.2d 658. Cvijetinovic has failed to establish that his plea of guilty would have been different had the issue of "sealed" search warrants been raised upon appeal or that he was prejudiced by the "sealed" search warrants.
 {¶ 10} Accordingly, we decline to reopen Cvijetinovic's original appeal and deny his application for reopening as made per App. R. 26(B).
Application denied.
Celebrezze, P.J., Concurs
 Corrigan, J., Concurs