DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from the Wood County Court of Common Pleas, appellant, John S. Isaacs, appeals from his conviction and sentence on one count of aggravated robbery, a violation of R.C. 2911.01(A)(1), a felony of the first degree. He asserts the following assignments of error:
{¶ 2} "The trial court abused its discretion and erred to the prejudice of appellant by denying his motion to withdraw guilty plea."
{¶ 3} "Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United State Constitution and Article I, Section 10 of the Constitution of the State of Ohio."
{¶ 4} Appellant's conviction and sentence came about as the result of the robbery of a Fuel Mart located in North Baltimore, Wood County, Ohio. Initially, the case went before a jury. Kathy Lang, the night shift clerk at the Fuel Mart, identified appellant as the individual who came into the Fuel Mart with a "large machete-type knife" and demanded money. Lang testified that she and another store clerk gave appellant approximately $1,100 and he walked out of the store. In conjunction with Lang's testimony, a portion of the Fuel Mart security system videotape of the robbery was also viewed by the jury.
{¶ 5} On the second day of appellant's trial, the prosecutor informed the court that appellant and appellee, the state of Ohio, had reached a plea agreement. Pursuant to the plea agreement, appellant would plead guilty to the charged offense and the state would recommend "not more than a four year sentence."
{¶ 6} At the plea hearing, the trial judge followed the strictures of Crim.R. 11(C) in order to ensure that appellant's guilty plea was intelligent, voluntary and knowing. The prosecutor provided a recitation of the facts, including the names of the witnesses who would have testified at appellant's trial. The court also informed appellant of the possible sentences that could be imposed for a violation of R.C. 2911.01(A). Appellant signed the waiver of his constitutional rights and the plea agreement and formally entered his guilty plea. Sentencing was scheduled for December 15, 2003.
{¶ 7} Prior to the date set for his sentencing, appellant filed a motion to withdraw his guilty plea. Appellant insisted that he was innocent and that the conflicting testimony of the witnesses was the "basis for a belief that he has valid defenses to the allegations." At the hearing on the motion, the prosecutor argued that this case was different from other instances when a defendant was allowed to withdraw his guilty plea because the trial had already commenced when appellant decided to plead guilty. The prosecutor further indicated that a "material witness" may no longer be available to testify at appellant's trial. In response, appellant's attorney asserted that his client had a right to a full jury trial, inclusive of jury deliberation and a jury verdict.
{¶ 8} On January 13, 2004, the trial court denied appellant's motion. In his judgment entry, the judge included a discussion of each factor, as set forth in State v. Dellinger, 6th Dist. No. H-02-007, 2002-Ohio-4652 and State v. Peterseim (1980), 68 Ohio App.2d 211, to be considered by a court in deciding a motion to withdraw a guilty plea. After holding a sentencing hearing, appellant was sentenced to four years in prison.
{¶ 9} In his first assignment of error, appellant contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea.
{¶ 10} Crim.R. 32.1 allows a defendant to withdraw a plea of guilty before the imposition of sentence. Although a presentence motion to withdraw a guilty plea may be granted liberally, a defendant does not have an absolute right to that withdrawal. State v. Xie (1992),62 Ohio St.3d 521, 527. Instead, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus.
{¶ 11} The decision to grant or to deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Xie, at paragraph two of the syllabus. Thus, a reviewing court will not reverse a trial court's decision to deny a motion to withdraw a guilty plea absent an abuse of discretion. Id. at 527, citing State v.Adams (1980), 62 Ohio St.2d 151, 157. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Adams, at 157.
{¶ 12} In determining whether a trial court abused its discretion, we consider a number of non-exhaustive factors and decide if the trial court complied with those factors. Dellinger, at ¶ 18. These factors are "`"(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.'" Id. at ¶ 20, quoting State v. Griffin (2001), 141 Ohio App.3d 551,554. A change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102,103.
{¶ 13} As stated previously, the trial court engaged in an extensive discussion of the factors listed infra. Appellant challenges the court's findings only with regard to factors (1), (4), and (5).
{¶ 14} On the issue of factor (1), appellant alleges that appellee failed to offer any evidence of the fact that its case would be prejudiced because a material witness might be unavailable for trial. We disagree. At the hearing on appellant's motion to withdraw his guilty plea, the prosecutor clearly indicated that a material witness might not be available for trial. This statement by an officer of the court was sufficient evidence of the fact that granting the motion to withdraw might prejudice the prosecution's case.
{¶ 15} As to factors (4) and (5), appellant maintains that the trial court abused its discretion in finding that appellant failed to avail himself of the opportunity to present evidence either through witnesses or his own testimony to explain his reason(s) for the withdrawal of his guilty plea. Appellant apparently believes that the trial judge was required to ask appellant himself for his comments and reasons for his desire to withdraw his guilty plea. Again, we disagree. To repeat, the required hearing on appellant's motion was held and appellant was represented by counsel at that hearing. It was the hearing itself that provided appellant with the opportunity to provide the court with the rationale for the withdrawal of his plea.
{¶ 16} Furthermore, in its judgment the trial court addressed the alleged reason for appellant's request, specifically, "conflicting witness testimony" that led to "valid defenses." In particular, in analyzing factor (7), the court pointed out that Lang claimed appellant had light hair when, in fact, he has dark hair. The court noted that appellant was in the courtroom during Lang's testimony and also was present when the jury viewed the videotape of the robbery and that appellant's counsel cross-examined Lang both as to her description and the contents of the tape. Accordingly, based upon our review of the issues raised by appellant and a consideration of all of the factors set forth in Dellinger, we cannot say that the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea.
{¶ 17} In his second assignment of error, appellant asserts that his trial counsel was ineffective because he failed to discover statements made by Kathy Lang concerning her description of the robber and that he was, therefore, "surprised" by the description she provided at trial.
{¶ 18} Entering a guilty plea waives all errors which may have occurred unless such errors prevented the defendant from entering a knowing and voluntary plea. State v. Cvijetinovic, 8th Dist. No. 81534, 2005-Ohio-380, at ¶ 9, citing Boykin v. Alabama (1969), 395 U.S. 238;State v. McReynolds, 5th Dist. No. 2004-CA-00023, 2005-Ohio-37. Here, appellant fails to demonstrate that his plea would have been different if his trial attorney had "discovered" Lang's description of the robber. Indeed, even after appellant heard that description, he decided to enter a guilty plea. Thus, appellant's second assignment of error is found not well-taken.
{¶ 19} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J. concur.