JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In State v. Logan, Cuyahoga County Court of Common Pleas Case No. CR-456894, applicant, Prince Logan, was convicted of felonious assault. This court affirmed that judgment in State v. Logan, Cuyahoga App. No. 88472, 2007-Ohio-2636. He did not appeal the judgment of the court of appeals to the Supreme Court of Ohio.
 {¶ 2} Logan has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that: the evidence at trial was insufficient to support a judgment of conviction; and prosecutorial misconduct during cross-examination and closing argument prevented Logan from getting a fair trial. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Logan has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24,1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In State v. Reed (1996), 74 Ohio St.3d 534,535, 660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. *Page 4 
26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Logan cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 4} Logan's request for reopening is barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry
(1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204." State v.Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 5} Applicant did not appeal this court's decision to the Supreme Court of Ohio. "The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the *Page 5 
Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of resjudicata prevent further review. State v. Borrero (Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559." State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6. See also State v. Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563, reopening disallowed, 2005-Ohio-380, at ¶ 4.
 {¶ 6} Additionally, in his second proposed assignment of error, Logan repeats verbatim appellate counsel's third assignment of error asserting that prosecutorial misconduct during cross-examination and closing argument prevented Logan from getting a fair trial. State v. Logan, Cuyahoga App. No. 88472, 2007-Ohio-2636, at ¶ 31. "Clearly, res judicata bars the repetition of the same assignment of error as part of the application for reopening." State v. Tate, Cuyahoga App. No. 81682, 2003-Ohio-3229, reopening disallowed, 2004-Ohio-973, Motion No. 351908, appeal dismissed 102 Ohio St. 3d 1473, 2004-Ohio-2830, 809 N.E.2d 1159, at ¶ 6. As a consequence, Logan's second proposed assignment of error does not provide a basis for reopening.
 {¶ 7} In his first assignment of error, Logan argues that his appellate counsel was ineffective because he did not assign as error that the evidence at trial was insufficient to support a judgment of conviction. On direct appeal, appellate counsel *Page 6 
did argue, however, that the jury's guilty verdict was against the manifest weight of the evidence.
 {¶ 8} The victim testified that, after her vehicle and Logan's collided, they were outside of their vehicles. After she requested Logan's license and proof of insurance, he returned to his vehicle. "She stated that she was standing in front of appellant's vehicle when he drove towards her, striking her and pushing her back on feet [sic]."State v. Logan, Cuyahoga App. No. 88472, 2007-Ohio-2636, at ¶ 28. This court concluded that "after reviewing the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we cannot disagree with the jury's resolution finding appellant knowingly attempted to cause physical harm to the victim with his vehicle." Id. at 29.
 {¶ 9} In State v. Krzywkowski, Cuyahoga App. No. 80392, 2002-Ohio-4438, reopening disallowed, 2003-Ohio-3209, Motion No. 343757, appeal dismissed 100 Ohio St. 3d 1425, 2003 Ohio 5232, 797 N.E.2d 92, the applicant asserted "that his appellate counsel should have argued sufficiency of the evidence. But appellate counsel did argue the manifest weight of the evidence. `In determining that the judgment was not against the manifest weight of the evidence, this court was required to go beyond the question of law which a claim of insufficiency of the evidence would present and examine the broader issues of credibility, etc. Appellate counsel did not, therefore, violate any essential duty to applicant nor was applicant prejudiced by the absence of an assignment of error asserting insufficiency of the evidence.' State v. Dines (Nov. 1, 1990), Cuyahoga App. No. 57661, reopening *Page 7 
disallowed (May 26, 1994), Motion Nos. 43617, 42620, 42628 and 48243 (Slip op. At pg. 8) and State v. Jones (Sept. 25, 1997), Cuyahoga App. No. 71178, reopening disallowed (Mar. 24, 1998), Motion No. 90600." Id. at Tj 16. Similarly, in State v. Peterson, Cuyahoga App. No. 88248,2007-Ohio-1837, this court observed that "although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency when conducting the analysis; that is, a finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." Id. at ¶ 19 (citation deleted).
 {¶ 10} In this case, this court's determination on direct appeal that Logan's conviction was not against the manifest weight of the evidence requires the conclusion that his appellate counsel was not ineffective for failing to assign as error that the evidence at trial was insufficient to support a judgment of conviction. Clearly, Logan was not prejudiced by the absence of an assignment of error asserting that the evidence at trial was insufficient to support a judgment of conviction from his direct appeal.
 {¶ 11} As a consequence, Logan has not met the standard for reopening. Accordingly, the application for reopening is denied.
 ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1