[Cite as *State v. Carter*, 2018-Ohio-29.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104653**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALTON O. CARTER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-15-598676-A
Application for Reopening
Motion No. 510259

**RELEASE DATE:** January 2, 2018

**FOR APPELLANT**

Alton O. Carter, pro se
Inmate No. 683498
Correctional Reception Center
P.O. Box 300
Orient, Ohio   43146


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Katherine E. Mullin
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

LARRY A. JONES, SR., J.:

{¶1} Alton O. Carter has filed a timely application for reopening pursuant to App.R. 26(B). Carter is attempting to reopen the appellate judgment that was rendered in *State v. Carter*, 8th Dist. Cuyahoga No. 104653, 2017-Ohio-5573, that affirmed his conviction for the offenses of assault and kidnapping. We decline to reopen Carter's original appeal.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Carter is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

{¶4} Herein, Carter raises one proposed assignment of error in support of his claim of ineffective assistance of appellate counsel.

Appellant was convicted of kidnapping under R.C. 2905.01(A)(4), when the evidence was insufficient as a matter of law to sustain the conviction.

{¶5} Carter, through his single proposed assignment of error, argues that sufficient evidence was not adduced at trial to support his conviction for the offense of kidnapping. Specifically, Carter argues that the essential element of "purpose to engage in sexual activity" was insufficient as a matter of law to support his conviction for the offense of kidnapping.

{¶6} The principles of res judicata may be applied to bar the further litigation of issues that were raised previously or could have been raised previously in an appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Claims of ineffective assistance of appellate counsel in an application for reopening may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992); *State v. Logan,* 8th Dist. Cuyahoga No. 88472, 2008-Ohio-1934.

{¶7} Herein, this court has already determined that sufficient evidence was adduced at trial to support Carter's conviction for the offense of kidnapping.

In his eighth assignment of error, Carter contends that the evidence was insufficient to support the kidnapping conviction and, thus, by extension, the Tier II sex offender label. We disagree.
Sufficiency of the evidence is a legal standard that tests whether the evidence is legally adequate to support a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541 (1997). In determining whether the evidence is legally sufficient to support a

conviction, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, 919 N.E.2d 190, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 2001-Ohio-4, 739 N.E.2d 749 (2001).

In a sufficiency of the evidence inquiry, appellate courts do not assess whether the prosecution's evidence is to be believed but whether, if believed, the evidence supports the conviction. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216,
¶ 79-80 (evaluation of witness credibility not proper on review for sufficiency of evidence). Further, the testimony of "one witness, if believed by the jury, is enough to support a conviction." *State v. Strong*, 10th Dist. Franklin No. 09AP-874, 2011-Ohio-1024, ¶ 42.

Carter contends that the evidence was insufficient to support the kidnapping conviction because the "essential element of purpose to engage in sexual activity was insufficient as a matter of law." Carter cites that he was acquitted of the rape and attempted rape in support of his claim. But as mentioned, the kidnapping statute "punishes certain removal or restraint done with a certain purpose and the eventual success or failure of the goal is irrelevant." *Taylor*, 8th Dist. Cuyahoga No. 100315, 2014-Ohio-3134, ¶ 30. Here, the state presented evidence, namely the victim's testimony, that Carter held her against her will in the garage and made unwelcomed sexual advances toward her. That testimony was sufficient to support the kidnapping charge and, therefore also the Tier II sexual offender label.

The eighth assignment of error is overruled.

*State v. Carter* 8th Dist. Cuyahoga No. 104653, 2017-Ohio-5573, ¶ 69 - 73.

{¶8} Res judicata prevents this court from once again determining whether sufficient evidence was adduced at trial to support the kidnapping charge. *State v. Tate*,

8th Dist. Cuyahoga No. 81682, 2004-Ohio-973. We further find that circumstances do not render the application of the doctrine of res judicata unjust.

{¶9} Application denied.

LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR