[Cite as *State v. Guffie*, 2025-Ohio-2518.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,          :

                                     No. 112642

    v.                           :

CURTIS GUFFIE,                             :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 15, 2025

---

Cuyahoga County Court of Common Pleas
Case No. CR-21-665727-A
Application for Reopening
Motion No. 584896

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael R. Wajda, Assistant Prosecuting Attorney, *for appellee.*

Curtis Guffie, *pro se.*


KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Curtis Guffie has filed an application for reopening pursuant to App.R. 26(B). Guffie is attempting to reopen the appellate judgment rendered in *State v. Guffie*, 2024-Ohio-2163 (8th Dist.) that affirmed his conviction and sentence for the

offenses of murder, felonious assault, tampering with evidence, obstructing justice, and conspiracy. We decline to reopen Guffie's appeal.

{¶ 2} App.R. 26(B)(2)(b) requires that Guffie establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants,"* State v. Winstead (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 2004-Ohio-4755, ¶ 7. *See also State v. Lamar*, 2004-Ohio-3976; *State v. Cooey*, 73 Ohio St.3d 411 (1995); *State v. Reddick*, 72 Ohio St.3d 88 (1995).

{¶ 3} Herein, Guffie is attempting to reopen the appellate judgment that was journalized on June 6, 2024. The application for reopening was not filed until May 30, 2025, more than 90 days after journalization of the appellate judgment in *Guffie*,

2024-Ohio-2163 (8th Dist.) In an effort to establish good cause for the untimely filing of his application for reopening, Guffie argues that appellate counsel never informed him of App.R. 26(B) and the lack of access to a transcript of his trial.

{¶ 4} It is well established that reliance on counsel and asserting that appellate counsel did not inform the appellant regarding filing an application for reopening under App.R. 26(B) do not establish good cause for the untimely filing of an application for reopening. *State v. Pruitt*, 2012-Ohio-94 (8th Dist.); *State v. Howell*, 2011-Ohio-3683 (8th Dist.). This court has also found that lack of access to materials, such as transcripts, does not constitute good cause for an untimely application. *State v. Weems*, 2019-Ohio-3177 (8th Dist.); *State v. White*, 2017-Ohio-7169 (8th Dist.).

{¶ 5} Finally, the issues raised by Guffie, in support of his application for reopening, were previously raised on direct appeal and found to be without merit. This court has already addressed the issues of self-defense (*Guffie*, 2024-Ohio-2163, at ¶ 90-91 (8th Dist.)), the admission of song lyrics (*Guffie* at ¶ 128-135), violation of the confrontation clause (*Guffie* at ¶ 110-114), stacked inferences (*Guffie* at ¶ 67-72), and Evid.R. 404(B) and ballistic evidence (*Guffie* at ¶ 140-143).

{¶ 6} Res judicata bars the relitigation of an issue that was previously addressed on appeal, even if cast in a slightly different form. *State v. Barnes*, 2020-Ohio-4988 (8th Dist.). Claims previously raised, and found to be without merit, may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. *State v. Murnahan*, 63

Ohio St.3d 60, 66 (1992).  *See also State v. Perry*, 10 Ohio St.2d 175 (1967); *State v. Logan*, 2008-Ohio-1934 (8th Dist.); *State v. Tate*, 2004-Ohio-973 (8th Dist.).  We do not find the application of res judicata unjust.

{¶ 7}    Accordingly, we find that Guffie has failed to establish good cause for the untimely filing of his application for reopening and further find that the issues raised in support of the application for reopening are barred from further review by the doctrine of res judicata.

{¶ 8}    Application denied.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
DEENA R. CALABRESE, J., CONCUR