[Cite as *State v. Ruediger*, 2025-Ohio-4370.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,              :

                                      No. 112830

    v.                               :

JOHN RUEDIGER,                               :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** September 17, 2025

---

Cuyahoga County Court of Common Pleas
Case No. CR-21-659443-A
Application for Reopening
Motion No. 580381

---

### *Appearances:*

John Ruediger, *pro se.*

LISA B. FORBES, J.:

{¶ 1} John Ruediger ("Ruediger" or "Appellant") filed a timely App.R. 26(B) application for reopening, attempting to reopen the appellate judgment rendered in *State v. Ruediger*, 2024-Ohio-1975 (8th Dist.), which affirmed his conviction for the offense of disseminating matter harmful to juveniles

(R.C. 2907.323(A)(1)), with a forfeiture specification (R.C. 2941.141). For the reasons set forth below, we decline to reopen Ruediger's appeal.

## I. Standard of Review Applicable to an App.R. 26(B) Application for Reopening

{¶ 2} App.R. 26(B) provides a means of asserting a claim of ineffective assistance of appellate counsel. It provides for a two-stage process where an appellant must first make a threshold showing that appellate counsel was ineffective on appeal. *State v. Leyh*, 2022-Ohio-292, ¶ 18-19. The ineffectiveness of appellate counsel is judged using the same standard that applies to claims of ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable, . . . and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Leyh* at ¶ 18, quoting *Strickland* at 687. That is, even if Ruediger establishes that his appellate counsel's performance was objectively unreasonable, he must also establish that he was prejudiced by showing that, but for the unreasonable error, there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 2012-Ohio-5504, ¶ 5 (8th Dist.).

{¶ 3} "The burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Leyh* at ¶ 21, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). If the applicant

makes these showings, then the application shall be granted and the appeal reopened. *Id*. at ¶ 21, citing App.R. 26(B)(5).

## II. Ruediger's Thirteen Proposed Assignments of Error Fail to Demonstrate a Genuine Issue as to Whether He Has a Colorable Claim for Ineffective Assistance of Appellate Counsel

{¶ 4} Ruediger argues that thirteen proposed assignments of error were not considered on appeal due to appellate counsel's ineffectiveness. We disagree.

{¶ 5} The mere recitation of assignments of error, without the presentation of legal analysis, an explanation of how appellate counsel's performance on appeal was deficient, and how Ruediger was prejudiced, does not support the reopening of Ruediger's original appeal under App.R. 26(B). *See State v. Clark*, 2025-Ohio-2126, ¶ 14 (8th Dist.); *State v. Abraham*, 2025-Ohio-1446, ¶ 18 (8th Dist.) (a laundry list of complaints regarding an applicant's trial does not meet the requirements to grant an App.R. 26(B) application for reopening). *See also State v. Pennington*, 2025-Ohio-1445, ¶ 14 (8th Dist.); *State v. Townsend*, 2022-Ohio-4398 ¶ 7 (8th Dist.); *State v. Gaughan*, 2009-Ohio-2702, ¶ 5 (8th Dist.).

{¶ 6} Ruediger did not provide any legal analysis or argument regarding the prejudice prong of the *Strickland* test for any of his thirteen proposed assignments of error. As a result, he failed to demonstrate the existence of a genuine issue as to whether he has a colorable claim for ineffective assistance of appellate counsel.

{¶ 7} Moreover, an independent review of each of Ruediger's thirteen proposed assignments of error fails to reveal any errors that would have resulted in a reasonable probability of a different outcome on appeal.

**A. Proposed Assignment of Error No. 1 — "The trial court erred when it allowed a trial to commence after an improper arrest of the Appellant."**

{¶ 8} In his first proposed assignment of error, Ruediger asserts that the police officers who arrested him did not have a warrant or probable cause, never told him he was under arrest, and did not allow him to make any phone calls or to contact a lawyer.

{¶ 9} In his direct appeal, in his first assignment of error, Ruediger challenged the trial court's denial of a motion to suppress, arguing, among other things, that he was not allowed to make any phone calls or contact counsel after he was arrested. *Ruediger*, 2024-Ohio-1975, at ¶ 45-64 (8th Dist.). This court rejected both arguments. Consequently, the record does not support his claim that these issues were not considered on direct appeal. *See* App.R. 26(B)(2)(c) (A successful application for reopening must assert proposed assignments of error that "were not considered on the merits in the case . . . or that were considered on an incomplete record because of appellate counsel's deficient representation."). Moreover, res judicata bars the relitigation of an issue that was previously addressed on appeal, even if cast in a slightly different form. *State v. Barnes*, 2020-Ohio-4988, ¶ 13 (8th Dist.).

{¶ 10} Furthermore, a warrantless arrest based upon probable cause does not violate the Fourth Amendment to the United States Constitution. *State v. Brown*, 2007-Ohio-4837, ¶ 66, citing *United States v. Watson*, 423 U.S. 411, 417 (1976). Here, the record demonstrates that the police possessed probable cause to

arrest Ruediger based upon, among other things, the electronic communications between K.V. and Ruediger found on K.V.'s phone.[1]

{¶ 11} Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that his appellate counsel was objectively unreasonable for failing to raise Ruediger's his first proposed assignment of error.

**B. Proposed Assignment of Error No. 2 — "The Appellant was denied a fair trial when [police] refused to explore knowingly exculpatory evidence located on K.V.'s phone."**

{¶ 12} Ruediger argues that the police failed to explore exculpatory evidence contained in the victim's cell phone that would have demonstrated that K.V. never told Ruediger his true age and lied at the time of trial. Ruediger claims that if K.V.'s profile on an adults-only dating website had been inspected, "we'd see K.V.'s texts with [Appellant], an adult photo he used in his profile and him telling [Appellant] he was an adult."

{¶ 13} On appeal this court analyzed the evidence presented at trial, including K.V.'s own testimony that he had a Grindr account which he described as a dating website that is "mainly used for hookups." *Ruediger*, 2024-Ohio-1975, at ¶ 21 (8th Dist.). K.V. acknowledged that "'[y]ou had to be older than 18' to set up a profile on Grindr. According to K.V. he lied about his age, and his Grindr profile said that he was 18 years old." *Id.* Although K.V. started his "conversation" with Ruediger on Grindr, at Ruediger's suggestion they moved to Snapchat. *Id.* at ¶ 22.

---

[1] K.V. is the minor child involved in the criminal investigation and Ruediger's conviction for the offense of disseminating matter harmful to juveniles (R.C. 2907.323(A)(1), with a forfeiture specification (R.C. 2941.141)).

K.V. also testified that at some point in his Snapchat conversation with Ruediger, he informed Ruediger that he was "actually 13." *Id.* Electronic Snapchat messages sent between K.V. and Ruediger were introduced at trial. *Id.* at ¶ 27.

{¶ 14} The issue of Ruediger's awareness that K.V. was a minor was determined on appeal. This court found that sufficient evidence was adduced at trial to support the finding that Ruediger acted recklessly. *See Ruediger* at ¶ 84. Ruediger offers no explanation or argument as to in what way additional evidence would negate the evidence in the record that was sufficient to support his conviction.

{¶ 15} Because the issue of Ruediger's recklessness in regards to K.V.'s age was addressed on appeal, Ruediger's effort to reopen his appeal on this basis fails. *See* App.R. 26(B)(2)(c). Moreover, res judicata bars the relitigation of an issue that was previously addressed on appeal, even if cast in a slightly different form. *Barnes*, 2020-Ohio-4988, at ¶ 13 (8th Dist.).

{¶ 16} Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that his appellate counsel was objectively unreasonable for failing to raise his second proposed assignment of error.

### C. Proposed Assignment of Error No. 3 — "Appellant was denied a fair trial when the [police] and/or Cuyahoga County Prosecutor's Office refused to hand over all discovery to Appellant."

{¶ 17} Ruediger argues, in his third proposed assignment of error, that not all requested discovery was provided to his counsel. In particular, he alleges video evidence of his booking by the police was deliberately withheld as part of the discovery process and should have been provided for use during a suppression

hearing and that he was not provided all messages between the police and himself on the night of his arrest.

{¶ 18} Pursuant to Crim.R. 16(B)(1)(f), a prosecutor is required "to disclose 'all evidence . . . favorable to the defendant and material either to guilt or punishment.'" *Cleveland v. Schmidt*, 2013-Ohio-1547, ¶ 21 (8th Dist.). Simply asserting, as Ruediger does, that some of the booking videos were not provided fails to identify what additional information would have been shown. That four hours elapsed between the time of the last text provided and the meeting the police surreptitiously arranged with Ruediger does not demonstrate that any additional texts exist, much less that they would have been exculpatory. Moreover, Ruediger was the other party to the texts and has offered no explanation for why he needed the police to provide them. Consequently, Ruediger fails to present a genuine issue as to whether a colorable claim exists that any evidence was intentionally withheld from his trial counsel much less that his appellate counsel was ineffective for failing to raise the issue.

> **D. Proposed Assignment of Error No. 4 — "The trial court erred when it allowed the State to proceed to trial of the Appellant under R.C. 2907.31(A), as opposed to R.C. 2907.31(D)."**

{¶ 19} In his fourth proposed assignment of error, Ruediger argues that he should have been charged under a different statute. But, he was not. He was charged with, and convicted of, violating R.C. 2907.31(A)(1).

{¶ 20} This court already considered whether sufficient evidence was presented at trial and found the record contained sufficient evidence to support

Ruediger's conviction for disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), including that he had acted recklessly. *See Ruediger*, 2024-Ohio-1975, at ¶ 65-89 (8th Dist.). In his application to reopen, Ruediger argues, "This Honorable Court came to the incorrect result . . ." in his direct appeal regarding whether evidence had been presented at trial supporting the jury's conclusion that he had acted recklessly in regards to K.V.'s age, that he was a minor. By challenging this court's decision, Ruediger tacitly acknowledges that this issue has already been heard on appeal.

{¶ 21} Ruediger has not demonstrated a colorable claim that his appellate counsel failed to address this issue.

### E. Proposed Assignment of Error No. 5 — "The trial court erred when it didn't replace Appellant's counsel who demonstrated his conflict of interest just before the trial started."

{¶ 22} Ruediger argues that his appointed counsel should have been replaced because of a conflict of interest premised upon the allegation that defense counsel's wife is employed as a supervisor in the prosecutor's office.

{¶ 23} Ruediger must demonstrate that an actual conflict of interest adversely affected his defense counsel's performance to establish a violation of his Sixth Amendment right to effective assistance of counsel. *State v. Manross*, 40 Ohio St.3d 180, 182 (1988). "The mere possibility of a conflict of interest is insufficient to challenge a criminal conviction." *Id; State v. Gillard*, 78 Ohio St.3d 548, 551-552 (1997). To establish an actual conflict, Ruediger must show: (1) the existence of some plausible alternative defense strategy or tactic that might have been pursued

and (2) that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests. *Gillard* at 553.

{¶ 24} Ruediger fails to provide any evidence of a conflict of interest on the part of defense counsel. The simple fact that defense counsel's wife was a supervisor in the prosecutor's office does not establish a conflict of interest on the part of defense counsel. Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that his appellate counsel was objectively unreasonable for failing to raise Ruediger's fifth proposed assignment of error.

### F. Proposed Assignment of Error No. 6 — "The Appellant was denied a fair trial when the Prosecution created and implied false evidence from photos presented to the Jury."

{¶ 25} Ruediger argues that two photographs taken by the police to represent the view Ruediger had of K.V. through a bathroom window were inaccurate, constituted false evidence, and resulted in an unfair trial.

{¶ 26} On direct appeal, in his fifth assignment of error, Ruediger argued that "the 'court erred [by] allowing pictures into evidence that were not accurate re-creations of the scene.'" *Ruediger*, 2024-Ohio-1975, at ¶ 97 (8th Dist.). This court reviewed arguments made by Appellant regarding the lighting and status of the blinds (open or closed), and overruled Ruediger's fifth assignment of error, concluding that there was no error in admitting the photographs into evidence. *Id*. at ¶ 97-102.

{¶ 27} Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that his appellate counsel was objectively unreasonable for failing

to raise the issue of the photographs because that issue was argued on direct appeal. Furthermore, res judicata bars the relitigation of an issue that was previously addressed on appeal, even if cast in a slightly different form. *Barnes*, 2020-Ohio-4988, at ¶ 13 (8th Dist.).

### G. Proposed Assignment of Error No. 7 — "Appellant was denied a fair trial when Prosecutors repeatedly misstated facts to the Jury."

{¶ 28} Ruediger argues that during the course of trial, the prosecution misstated or misrepresented facts to the jury that Ruediger's "thought K.V. was a minor" and that Ruediger "clearly saw K.V.'s face" through a bathroom window.

{¶ 29} A prosector is permitted to state his or her opinion, so long as the opinion is based upon the evidence presented during the course of trial and does not constitute prosecutorial misconduct. *State v. Diar*, 2008-Ohio-6266, ¶ 90.

{¶ 30} Also, the test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the accused's substantial rights. *State v. Smith*, 14 Ohio St.3d 13, 14 (1984). The touchstone of the analysis is the fairness of the trial, not the culpability of the prosecutor. *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

{¶ 31} On direct appeal, Ruediger's appellate counsel argued the issues of the sufficiency of the evidence and the manifest weight of the evidence in the second and third assignments of error. This court considered the evidence that had been presented to the jury as related to Ruediger's knowledge of K.V.'s age and seeing K.V.'s face through the bathroom window. These very issues were extensively

addressed at trial and on appeal. As noted, this court upheld Ruediger's convictions finding the evidence was sufficient to support the convictions and the convictions were not against the manifest weight of the evidence. *Ruediger*, 2024-Ohio-1975, at ¶ 65-89 (8th Dist.).

{¶ 32} Under these circumstances, Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that his appellate counsel was objectively unreasonable for failing to raise on appeal the prosecutors' tactics in presenting the evidence with the jury.

### H. Proposed Assignment of Error No. 8 — "The Appellant was denied a fair trial when the Prosecution repeatedly allowed their witnesses to lie to the Jury while under oath."

{¶ 33} Ruediger argues that the State's witnesses were permitted to lie, while under oath, to the jury. Nothing in the record before this court demonstrates that any witness lied under oath to the jury. In addition, a jury is the trier of fact and is in the best position to judge the credibility of a witness. The credibility of witnesses are primarily jury issues. *State v. Ballew*, 76 Ohio St.3d 244, 249 (1996).

{¶ 34} An appellate court must give deference to the jury's findings because they are in the best position to observe the witnesses and their demeanor, gestures, and voice inflections and are entitled to believe or disbelieve any witness. *State v. Antill*, 176 Ohio St. 61, 66 (1964). Here, the jury found the prosecution's witnesses credible and convicted Ruediger. On direct appeal, this court reviewed the sufficiency and manifest weight of the evidence and affirmed the jury's verdict.

{¶ 35} Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that his appellate counsel was objectively unreasonable for failing to argue that the Prosecution knowingly presented false testimony.

### I. Proposed Assignment of Error No. 9 — "The Appellant was denied a fair trial when the Prosecution called an improper witness to testify during the trial."

{¶ 36} Ruediger argues that the testimony of a "phone dump expert" resulted in an unfair trial because the witness was unable to unlock Ruediger's phone and reveal the contents of the locked phone. According to Ruediger, this created an improper "thought that something was hidden from the jury."

{¶ 37} Again, the jury is the trier of fact and is in the best position to judge the credibility of a witness and the testimony presented by the witness. Assessing the credibility of witnesses is primarily the function of the jury and, absent extraordinary circumstances, will not be disturbed on appeal. *Ballew*, 76 Ohio St.3d at 249.

{¶ 38} Here, the jury demonstrated that it was not unduly biased against Ruediger because it acquitted him of the first charge — use of minor in nudity-oriented material in violation of R.C. 2907.323(A)(1). Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that his appellate counsel was objectively unreasonable for failing to raise Ruediger's ninth proposed assignment of error.

**J. Proposed Assignment of Error No. 10 — "The Appellant was denied a fair trial when the Prosecution diluted the presumption of innocence of the Appellant."**

{¶ 39} Ruediger argues that during closing arguments the prosecutor gave her opinion about the evidence that had been presented at trial. In particular, he notes that she opined that Ruediger "was misleading in actions, didn't act surprised or shocked while at [the police station]."

{¶ 40} An allegation of prosecutorial misconduct in closing argument must be reviewed to determine whether any remarks were improper and, if so, whether they prejudicially affected any substantial rights of Ruediger. A conviction can only be reversed on the grounds of prosecutorial misconduct if the effect of the misconduct permeated the entire trial and that, but for the prosecutor's improper statements, the defendant would have prevailed at trial. *Broadview Hts. v. Thomas*, 2023-Ohio-4645, ¶ 18 (8th Dist.). The key to a determination of prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. *State v. Williams*, 2023-Ohio-1748, ¶ 38-41 (8th Dist.). In evaluating prejudice, we consider the "effect of the misconduct 'on the jury in the context of the entire trial.'" *State v. Wilks*, 2018-Ohio-1562, ¶ 172, quoting *State v. Keenan*, 66 Ohio St.3d 402, 410 (1993). "The prosecution is entitled to significant latitude in its closing remarks. The prosecutor may comment on '"what the evidence has shown and what reasonable inferences may be drawn therefrom."'" *Diar*, 2008-Ohio-6266, at ¶ 90, quoting *State v. Lott,* 51 Ohio St.3d 160, 165 (1990), quoting *State v. Stephens*, 24 Ohio St.2d 76, 82 (1970).

{¶ 41} Ruediger has not demonstrated misconduct by the prosecutor, and even if the prosecutor had engaged in misconduct, Ruediger has not shown that absent the allegedly offensive comments by the prosecutor, he would not have been convicted. *See State v. Stevens*, 2023-Ohio-4683, ¶ 96 (6th Dist.) (finding the prosecutor's "occasional and sporadic name-calling" when discussing the defendant, calling him a "maniac" and a "monster," among other things, did not "in itself, [render] the entire weeklong trial unfair"). Again, we note that the jury acquitted Ruediger of one charge and convicted him of one charge. This court already concluded that the evidence presented at trial was sufficient to support his conviction and that his conviction was not against the manifest weight of the evidence.

{¶ 42} Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that his appellate counsel was objectively unreasonable for failing to raise prosecutorial misconduct in Ruediger's first appeal.

### K. Proposed Assignment of Error No. 11 — "The Appellant was denied a fair trial when the Prosecution brought up new arguments during closing statements."

{¶ 43} Ruediger was charged with and convicted of the offense of disseminating matter harmful to juveniles in violation of R.C. 2907.323(A)(1), which provides:

No person, with knowledge of its character or content, shall recklessly do any of the following:

(1) Directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as

juveniles any material or performance that is obscene or harmful to juveniles.

{¶ 44} To secure a conviction, the prosecutor was required to establish that Ruediger acted recklessly and that the juvenile victim was a minor. The prosecutor was permitted to address each of those elements during closing arguments and the comments of the prosecutor did not constitute an attempt to raise any new argument unrelated to the original charge of disseminating matter harmful to juveniles. The prosecutor is largely free to comment on what the evidence has shown and what reasonable inferences may be drawn therefrom. *State v. White*, 82 Ohio St.3d 16, 22 (1998); *State v. Virostek*, 2022-Ohio-1397, ¶ 101-103 (8th Dist.).

{¶ 45} Ruediger argues that the "Prosecutor left jurors with false interpretation of the law." But, the court gave the jury the law, in the form of the jury instructions. And, it has been noted that this court reviewed the evidence presented at trial and determined that Ruediger's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence.

{¶ 46} Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that his appellate counsel was objectively unreasonable for failing to raise Ruediger's his eleventh proposed assignment of error.

### L. Proposed Assignment of Error No. 12 — "Verdict was against the manifest weight of the evidence."

{¶ 47} The issue of manifest weight was found to be without merit on direct appeal. *Ruediger*, 2024-Ohio-1975, at ¶ 65, 85-89 (8th Dist.). Consequently, Ruediger has not demonstrated a genuine issue as to whether there is a colorable

claim that appellate counsel failed to raise this issue. Moreover, the doctrine of res judicata bars further review of the issue. *State v. Logan*, 2008-Ohio-1934, ¶ 6 (8th Dist.); *State v. Tate*, 2004-Ohio-973, ¶ 5 (8th Dist.).

### M. Proposed Assignment of Error No. 13 — "Appellant's Trial Counsel rendered ineffective assistance at trial, in derogation of Appellant's 6th Amendment right to Counsel."

{¶ 48} The issue of ineffective assistance of trial counsel was raised on direct appeal and found to be without merit. *Ruediger* at ¶ 103-114. Consequently, Ruediger has not demonstrated a genuine issue as to whether there is a colorable claim that appellate counsel failed to raise this issue. Further, res judicata bars any further review of the claim of ineffective assistance of trial counsel. *Logan* at ¶ 6; *Tate* at ¶ 5.

{¶ 49} Application for reopening denied.

_____
LISA B. FORBES, JUDGE

DEENA R. CALABRESE, J., CONCURS;
MARY EILEEN KILBANE, P.J., NOT PARTICIPATING